UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FRANK KITCHELL,<br>    Plaintiff,<br><br>v.<br><br>ASPEN EXPLORATION, INC., et al.,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 4:06-cv-273 |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS MOOT AND DENYING PLAINTIFF'S COUNTER MOTION FOR SUMMARY JUDGMENT**

Before the court are the Defendants' "Motion for Summary Judgment and Memorandum in Support" (de # 17) and "Plaintiff's Response to Defendants' Motion fo Partial Summary Judgment, Plaintiff's Counter Motion for Summary Judgment on Liability and Brief in Support" (de # 18). Based on the Motions and the briefing responsive thereto, the court is of the opinion that the Defendants' Motion should be DENIED AS MOOT, and the Plaintiff's Motion should be DENIED.

The Defendants move for summary judgment disposition of Frank Kitchell's claims for fraud, negligent misrepresentation, breach of contract, breach of the duty of good faith and fair dealing, and breach of fiduciary duty. On September 28, 2007, the court ruled on the Defendants' Motion to Dismiss, granting it in part and denying it in part.

Each of Kitchell's fraud claims against the various defendants were dismissed under Rule 9(b) because Kitchell's allegations of fraud were not pleaded with sufficient specificity. *Kitchell v. Aspen Exploration*, No. 4:06-cv-273, 2007 WL 2901130, at *5-8 (E.D. Tex. Sept. 28, 2007). Because the negligent misrepresentation claims were inseparable from the deficient fraud claims, Rule 9(b) required that they be dismissed as well. *Id*. at *8. These claims are therefore no longer

before the court, and the Defendants' Motion for Summary Judgment is moot as to them.

The court also discussed Kitchell's claims for breach of the joint venture contracts. The court, noting that the Supreme Court of Texas generally does not apply the discovery rule to breach of contract claims, similarly declined to give Kitchell the benefit thereof. Thus, only the facts that Kitchell alleged to have occurred within four years of his institution of this lawsuit were allowed to serve as the basis of Kitchell's continued prosecution of his claims that the joint venture contracts were breached. *Id*. at * 9.

The court also discussed Kitchell's claim for breach of the duty of good faith and fair dealing. Though the court found that the discovery rule applied to this claim, the statute of limitations began to run more than two years prior to Kitchell's institution of this lawsuit. Therefore, only those facts alleged to have occurred within two years thereof were allowed to serve as the basis of Kitchell's continued prosecution of this claim. *Id*. at *11. Finally, the court discussed Kitchell's claim for breach of fiduciary duty. The court found that the discovery rule applied to this claim. The statute of limitations was thereby tolled, and because Kitchell filed this lawsuit within the four years of the date on which the statute of limitations began to run, his claim for breach of fiduciary duty was unaffected by limitations. *Id*.

The sole basis of the Defendants' Motion for Summary Judgment is that Kitchell's claims for fraud, negligent misrepresentation, breach of contract, breach of the duty of good faith and fair dealing, and breach of fiduciary duty are all barred by the statutes of limitations respectively applicable thereto. As summary judgment evidence, the Defendants put forth nothing more than the Original Complaint and "the judicial admissions contained" therein. (Def.'s Mot. Summ. J. 3.) While, of course, the summary judgment and dismissal standards are quite different, the Defendants'

Motion presents no fact or issue that was not considered and decided in the court's September 28, 2007 order. The court, therefore, stands behind the legal conclusions reached in that order. The Defendants' Motion for Summary Judgment is therefore moot as to the remainder of the claims discussed therein.

In his Response to the Defendants' Motion, Kitchell also moves for summary judgment on the premise that the "Defendants have effectively adopted and stipulated to" the facts contained in the Original Complaint. (Pl.'s Resp. 2.) Yet, the court is unable to discern any admission of facts that would compel summary judgment in favor of Kitchell. As such, Kitchell's Counter Motion for Summary Judgment should be denied.

Based on the foregoing, the court is of the opinion that the Defendants' Motion for Summary should be, and hereby is, DENIED AS MOOT. In addition, the Plaintiff's Counter Motion for Summary Judgment should be, and hereby is, DENIED.

IT IS SO ORDERED.

**SIGNED this the 12th day of February, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE