UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FRANK KITCHELL, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:06-cv-273 |
| | § | |
| ASPEN EXPLORATION, INC., et al., | § | |
|     Defendants. | § | |

**ORDER DENYING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT**

Before the court are the "Defendants' Rule 12(e) Motion for a More Definite Statement" (de # 40) and Plaintiff Frank Kitchell's Response (de # 41) thereto. On the basis of the briefing and the applicable law, the court is of the opinion that the Motion should be DENIED.

This lawsuit is the culmination of failed investments in oil and gas ventures made by Kitchell through the Defendants. The lawsuit was filed on June 28, 2006. On September 5, 2006, the Defendants filed their Motion to Dismiss each of Kitchell's claims on various grounds. On September 28, 2007, the court signed an Order granting the Defendants' Motion in part. That Order dismissed the majority of Kitchell's claims but retained the others. On September 3, 2007, the Defendants filed their Motion for Summary Judgment. The court denied that Motion as moot in an Order signed on February 12, 2008 because it rested on the same legal theories as the Motion to Dismiss and presented no new evidence that would warrant revisiting the conclusions reached in the court's Order of September 28, 2007. After obtaining leave of the court, the Defendants filed this Motion seeking an order of the court requiring Kitchell to replead his claims with greater clarity.

If a complaint is so vague and ambiguous that a defendant cannot reasonably be required to frame an answer, "even with a simple denial, in good faith or without prejudice to [itself]," the proper method by which the defendant should request that a plaintiff clarify its claims is through a

Rule 12(e) motion. *Lopez v. San Antonio State Hosp.*, No. SA-06-CA-0739, 2006 U.S. Dist. LEXIS 84102, at *4 (W.D. Tex. Nov. 20, 2006 ) (internal quotation marks omitted). Federal Rule of Civil Procedure 8(a) requires only a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a).  But a complaint may nonetheless be found inadequate if it fails to "(1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) (citing Fed. R. Civ. P. 8(a)).  The role of a motion for more definite statement, however, is not as a substitute for obtaining information that may be clarified or developed through discovery. *Arista Records, L.L.C. v. Greubel*, 453 F. Supp. 2d 961, 972 (N.D. Tex. 2006).

While it is certainly not a model of eloquence or cohesion, the court is mindful  that the Defendants were able to file motions to dismiss and for summary judgment based on the Complaint. The court was able to rule on those motions without any great difficulty.  In addition, the deadline to conduct discovery has passed, and the parties have not communicated any difficulty in that process to the court, indicating that the Complaint provided a sufficient roadmap.  Finally, and most importantly, the Complaint suffices to give the Defendants fair notice of the claims against them and the grounds upon which those claims rest. *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 438 (5th Cir. 2004) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 507 (2002)).  The Complaint, therefore, fulfills the purpose assigned to it by Rule 8.

Accordingly, the court is of the opinion that the Defendants' Motion for a More Definite Statement (de # 40) should be, and hereby is, DENIED.

IT IS SO ORDERED.
**SIGNED this the 15th day of May, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE